FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 20 2017
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**TINA BETHANY, Individually and on behalf of
Others Similarly Situated**            **PLAINTIFF**

vs.        No. 3:17-cv- 00610 DPM/JTK

This case assigned to District Judge ___MARSHALL___
and to Magistrate Judge ___KEARNEY___

**CAREPLUS STAFFING SERVICES, LLC;
DIVERSICARE LEASING CORP., d/b/a
ARBOR OAKS HEALTHCARE AND REHABILITATION CENTER,
ASH FLAT HEALTHCARE AND REHABILITATION CENTER,
ASH FLAT NURSING AND REHABILITATION CENTER,
CONWAY HEALTHCARE AND REHABILITATION CENTER,
DES ARC NURSING AND REHABILITATION CENTER,
EUREKA SPRINGS HEALTHCARE AND REHABILITATION CENTER,
EUREKA SPRINGS NURSING AND REHABILITATION CENTER,
GARLAND NURSING AND REHABILITATION CENTER,
NEWPORT HEALTHCARE AND REHABILITATION CENTER,
OUACHITA NURSING AND REHABILITATION CENTER,
PINEDALE NURSING AND REHABILITATION CENTER,
POCAHONTAS HEALTHCARE AND REHABILITATION CENTER,
POCAHONTAS NURSING AND REHABILITATION CENTER,
RICH MOUNTAIN NURSING AND REHABILITATION CENTER,
SHERIDAN HEALTHCARE AND REHABILITATION CENTER,
SHERIDAN NURSING AND REHABILITATION CENTER,
THE PINES NURSING AND REHABILITATION CENTER, and
WALNUT RIDGE NURSING AND REHABILITATION CENTER;
SOUTHERN ADMINISTRATIVE SERVICES, LLC;
SUMMIT HEALTH AND REHABILITATION, LLC;
PROGRESSIVE ELDERCARE SERVICES, INC. d/b/a
SOUTHERN TRACE REHABILITATION AND CARE CENTER,
COURTYARD REHABILITATION and HEALTH CENTER, LLC;
SA ELDERCARE, LLC; PROGRESSIVE ELDERCARE
SERVICES—MORRILTON, INC. d/b/a BROOKRIDGE COVE
REHABILITATION AND CARE CETNER; and JOHN PONTHIE**       **DEFENDANTS**

## ORIGINAL COMPLAINT— COLLECTIVE ACTION

COMES NOW Plaintiff Tina Bethany, individually and on behalf of all others similarly situated, by and through her attorneys, Dominique King and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Careplus Staffing Services, LLC, Diversicare Leasing Corp., d/b/a Arbor Oaks Healthcare and Rehabilitation Center, Ash Flat Healthcare and Rehabilitation Center, Ash Flat Nursing and Rehabilitation Center, Conway Healthcare and Rehabilitation Center, Des Arc Nursing and Rehabilitation Center, Eureka Springs Healthcare and Rehabilitation Center, Eureka Springs Nursing and Rehabilitation Center, Garland Nursing and Rehabilitation Center, Newport Healthcare and Rehabilitation Center, Ouachita Nursing and Rehabilitation Center, Pinedale Nursing and Rehabilitation Center Pocahontas Healthcare and Rehabilitation Center, Pocahontas Nursing and Rehabilitation Center, Rich Mountain Nursing and Rehabilitation Center, Sheridan Healthcare and Rehabilitation Center, Sheridan Nursing and Rehabilitation Center, The Pines Nursing and Rehabilitation Center, and Walnut Ridge Nursing and Rehabilitation Center, Southern Administrative Services, LLC, Summit Health And Rehabilitation, LLC, Progressive Eldercare Services, Inc., d/b/a Southern Trace Rehabilitation and Care Center, Courtyard Rehabilitation and Health Center, LLC, SA Eldercare, LLC, Progressive Eldercare Services—Morrilton, Inc., d/b/a Brookridge Cove Rehabilitation and Care Center, and John Ponthie, (collectively referred to as "Defendants"), and she does hereby state and allege as follows:

## I. INTRODUCTION

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime wages as required by the FLSA and AMWA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas, providing construction services within the State of Arkansas.

7.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8.      Plaintiff was employed by Defendants as a nurse, performing services for Defendant in the Jonesboro Division of the Eastern District of Arkansas.

9.      The acts alleged in this Complaint had their principal effect within the Jonesboro Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

#### a. Plaintiff

7.      Plaintiff Tina Bethany is a citizen and resident of the State of Arkansas.

8.      Plaintiff was employed by Defendant from June of 2015 until December of 2016.

#### b. Defendant Careplus Staffing Services, LLC

9.      Defendant Careplus Staffing Services, LLC is an Arkansas limited liability company, maintaining an agent for service as follows: Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

10.     Defendant Careplus Staffing Services, LLC, was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

11. Defendant Careplus Staffing Services, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

12. Defendant Careplus Staffing Services, LLC annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

13. At all relevant times, Careplus Staffing Services, LLC, has had a minimum of four employees.

### c. Defendant Diversicare Leasing Corp.

14. Defendant Diversicare Leasing Corp., is foreign for profit corporation, licensed to do business in the State of Arkansas and maintaining an agent for service as follows: Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

15. Defendant Diversicare Leasing Corp., was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

16. Defendant Diversicare Leasing Corp., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

17. Defendant Diversicare Leasing Corp.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18. At all relevant times, Defendant Diversicare Leasing Corp., has had a minimum of four employees.

### d. Defendant Southern Administrative Services, LLC

19. Defendant Southern Administrative Services, LLC, is an Arkansas limited liability company, maintaining an agent for service as follows: Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

20. Defendant Southern Administrative Services, LLC, was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

21. Defendant Southern Administrative Services, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

22. Defendant Southern Administrative Services, LLC, annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

23. At all relevant times, Southern Administrative Services, LLC, has had a minimum of four employees.

### e. Summit Health & Rehabilitation, LLC

24. Defendant Summit Health & Rehabilitation, LLC, is an Arkansas limited liability company, maintaining an agent for service as follows: Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

25. Defendant Summit Health & Rehabilitation, LLC, was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

26. Defendant Summit Health & Rehabilitation, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

27. Defendant Summit Health & Rehabilitation, LLC, annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

28. At all relevant times, Summit Health & Rehabilitation, LLC, has had a minimum of four employees.

### f. Defendant Progressive Eldercare Services, Inc.

29. Defendant Progressive Eldercare Services Inc., is an Arkansas limited liability company, maintaining an agent for service as follows: Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

30. Defendant Progressive Eldercare Services Inc., was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

31. Defendant Progressive Eldercare Services Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

32. Defendant Progressive Eldercare Services Inc., annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

33. At all relevant times, Progressive Eldercare Services Inc., has had a minimum of four employees

### g. SA Eldercare, LLC

34. Defendant SA Eldercare, LLC, is an Arkansas limited liability company, maintaining an agent for service as follows: Gerald Crochet, 10201 W. Markham, Suite 213, Little Rock, Arkansas 72205.

35. Defendant SA Eldercare, LLC, was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

36. Defendant SA Eldercare, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

37. Defendant SA Eldercare, LLC, annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

38. At all relevant times, SA Eldercare, LLC, has had a minimum of four employees.

### h. Defendant Progressive Eldercare Services—Morrilton, Inc.

39. Defendant Progressive Eldercare Services—Morrilton, Inc., is an Arkansas limited liability company, maintaining an agent for service as follows: Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

40. Defendant Progressive Eldercare Services—Morrilton, Inc., was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

41. Defendant Progressive Eldercare Services—Morrilton, Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

42. Defendant Progressive Eldercare Services—Morrilton, Inc., annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

43. At all relevant times, Progressive Eldercare Services—Morrilton, Inc., has had a minimum of four employees.

### i. Defendant John Ponthie

44. Defendant John Ponthie owns and operates numerous nursing homes throughout the state of Arkansas, including the facility where Plaintiff was employed.

45. As owner and officer of Walnut Ridge Nursing and Rehab, Defendant Ponthie had control over Plaintiff's conditions of employment, including but not limited to her wages, schedule, the manner in which their work was performed, etc.

46. A number of the nursing homes in question are owned by Defendant Ponthie individually, while others are owned through Defendant-controlled domestic

limited liability companies such as JEJ Investments, LLC and RMJ Interets, LLC. Regardless of method of ownership, John Ponthie is responsible for a network of Arkansas nursing homes that have consistently failed to pay their employees the overtime wages pursuant to the FLSA.

47. Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

48. Plaintiff worked for Defendants as a nurse within the three (3) years preceding the filing of this Complaint; Plaintiff was paid on an hourly basis

## IV. FACTUAL ALLEGATIONS

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. Defendant classified Plaintiff as an hourly employee nonexempt from the overtime requirements of the FLSA and the AMWA.

51. Defendants hired Plaintiff as a nurse in Defendant's business.

52. Defendants paid Plaintiff at a rate of approximately $16.80 per hour.

53. Plaintiff's typical shift ran from 7:00 AM until 7:00 PM, or twelve hours.

54. Plaintiff was typically scheduled to work three to four days per week.

55. Plaintiff was required to clock-in using a fingerprint system time clock at the beginning of her shift and was required to clock-out using the same system at the time her shift was scheduled to end.

56. Defendants' did not approve payment of overtime for Plaintiff, even though Plaintiff was assigned work that could not be completed within forty (40) hours.

57. It was Defendants' policy to require Plaintiff and other employees to only report forty (40) hours per week, and any overtime hours reported would lead to disciplinary action.

58. Plaintiff always or almost always worked in excess of forty (40) hours oer week throughout her tenure as nurse for Defendants. .

59. Defendant was aware that Plaintiff was working in excess of forty (40) hours.

60. Plaintiff was not paid overtime for all of the hours that she worked in excess of forty (40) per week.

## V. REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    B. Liquidated damages; and

    C. Costs of this action, including attorney's fees

32. In conformity with the requirements of FLSA Section 16(b), Plaintiff has or will file shortly a Consent to Join this lawsuit.

33. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

34. The proposed class of opt-in Plaintiffs in this case is defined as all persons who meet the following requirements:

    A. Were or are employed by Defendant with the United States as nurses, certified nurse's aides, or equivalent positions; and

    B. Were or are required by Defendants to work off the clock after the conclusion of each shift.

35. The proposed FLSA class members are similarly situated in that they share these traits:

    A. They performed the same or similar job duties;

    B. They were classified by Defendant as hourly employees non-exempt from the overtime requirements of the FLSA.

    C. They were subject to Defendant's common compensation policy that deprived them of overtime wages.

36. Plaintiff is unable to state the exact number of class members but believes that the class exceeds fifty (50) persons.

37. Defendants can readily identify the members of the Section 16(b) class, which encompasses all site workers and other similar employees employed by Defendants within three (3) years prior to the filing of Plaintiff's Original Complaint.

38. The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendants, and a Court-approved Notice should be

provided to the FLSA collective action Plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40. Defendants has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one half times his regular rate for all hours worked in excess of forty (40) hours per week during Plaintiff's employment as described in this Complaint.

41. Many work weeks, if not all work weeks, Plaintiff worked more than forty (40) hours per week and was not paid overtime for riding back to the shop or time spent at the shop thereafter.

42. Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

43. Defendants are and were at all times subject to the overtime pay requirements of the FLSA because it is an enterprise and its employees are engaged in commerce.

44. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees as provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

46. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF

### (Individual Claim for Violation of AMWA)

48. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully set forth herein.

49. At all relevant times, Defendants have been Plaintiff's "employers" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50. The AMWA required and requires Defendants to pay Plaintiff one and one-half times his regular rate for all hours worked over forty (40) hours per workweek during the applicable statutory limitations period.

51. Defendants required Plaintiff to work in excess of forty (40) hours in many if not all weeks, but failed to pay Plaintiff overtime compensation for all of the hours in excess of forty (40) hours each week.

52. Defendants' conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## VII. THIRD CLAIM FOR RELIEF

### (Collective Action Claim for Violations of FLSA)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully set forth herein.

55. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

56. At all relevant times, Defendants have been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

57. Class members suffered the same FLSA minimum wage and overtime violations as Plaintiff suffered individually, as alleged herein above.

58. By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tina Bethany respectfully prays for declaratory relief and damages as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d) Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff and all those similarly situated under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(g) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(h) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(i) Judgment for punitive damages pursuant to the Arkansas Civil Justice Reform Act;

(j) An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(k) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TINA BETHANY, Individually and on behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Dominique King
Dominique King
Ark. Bar No. 2015178
dominique@sanfordlawfirm.com

/s/ Chris Burks
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com