IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TINA BETHANY, Individually and on behalf of
Others Similarly Situated                                                                        PLAINTIFF


v.                                 Case No: 3:17-cv-00010-DPM

CAREPLUS STAFFING SERVICES, LLC;
OHI HEALTHCARE PROPERTIES LIMITED PARTNERS;
OHI ASSET (AR) WALNUT RIDGE, LLC;
LAWRENCE OPERATIONS, LLC d/b/a WALNUT RIDGE
NURSING & REHABILITATION CENTER;
SUMMIT HEALTH AND REHABILITATION, LLC;
PROGRESSIVE ELDERCARE SERVICES, INC. d/b/a
SOUTHERN TRACE REHABILITATION AND CARE CENTER;
COURTYARD REHABILITATION and HEALTH CENTER, LLC;
SA ELDERCARE, LLC; PROGRESSIVE ELDERCARE
SERVICES-MORRILTON, INC. d/b/a BROOKRIDGE COVE
REHABILITATION AND CARE CENTER; and JOHN PONTHIE         DEFENDANTS

**SEPARATE DEFENDANTS OHI HEALTHCARE PROPERTIES LIMITED PARTNERS
AND OHI ASSET (AR) WALNUT RIDGE, LLC'S
BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS
AND/OR FOR SUMMARY JUDGMENT**

Separate Defendants OHI Healthcare Properties Limited Partners ("OHI HPLP") and OHI Asset (AR) Walnut Ridge, LLC ("OHI WR"), submit this brief in support of their Amended Motion to Dismiss and/or for Summary Judgment. Plaintiff Tina Bethany ("Bethany") filed suit seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA") and Arkansas Minimum Wage Act ("AMWA") on behalf of herself and a purported class "of all persons who were, are or will be employed by Defendant as similarly situated employees . . . ." (DOC #25, Second Amended and Substituted Complaint ("SAC"), ¶ 79). Bethany's SAC does not contain factual support for the legal conclusion that OHI HPLP or OHI WR were her employers. Furthermore, OHI HPLP and OHI WR were not, and never have been, an employer of Plaintiff

Tina Bethany or the class she seeks to represent. Accordingly, OHI HPLP and OHI WR should be dismissed from this action.

## I. STATEMENT OF FACTS

Omega Healthcare Investors, Inc. ("OHI") is a corporation organized under the laws of the State of Maryland. *See* Exhibit A, attached to OHI HPLP and OHI WR's Motion to Dismiss, Declaration of Daniel Booth ("Booth Dec."), ¶ 2. It is a corporation that is publicly traded on the New York Stock Exchange under the symbol "OHI". *Id.* at ¶1.

At no time has OHI done business as or otherwise held itself out as Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC. Booth Dec. at ¶ 3. Plaintiff has not alleged that OHI does business as any other entity in her SAC.

OHI is the holder of a controlling limited partnership in OHI Healthcare Properties Limited Partners, which is the sole member of OHI Asset (AR) Mena, LLC; OHI Asset (AR) Camden, LLC; OHI Asset (AR) Conway, LLC; OHI Asset (AR) Hot Springs, LLC; OHI Asset (AR) Des Arc, LLC; OHI Asset (AR) Ash Flat, LLC; OHI Asset (AR) Walnut Ridge, LLC; OHI Asset (AR) Pocahontas, LLC; OHI Asset (AR) Sheridan, LLC; and OHI Asset (AR) Malvern, LLC (collectively, the "Landlord Entities"). The Landlord Entities own the buildings at which the nursing facilities listed as DBAs in the case caption operate. Booth Dec. at ¶ 4. The following chart outlines the Landlord Entity which owns the building, the location of the building, and the entity that operates the nursing facility at each building (which have been listed as DBAs in the case caption):

| Landlord | Address | Facility Operator |
|---|---|---|
| OHI Asset (AR) Mena, LLC | 306 Hornbeck<br>Mena, AR 71953 | Polk Operations, LLC previously operated a nursing home known as Rich Mountain Nursing and Rehabilitation Center |
| OHI Asset (AR) Camden | 1411 Country Club Road<br>Camden, AR 71701 | Camden Operations, LLC previously operated a nursing home known as Ouachita Nursing and Rehabilitation Center |
| OHI Asset (AR) Conway, LLC | 2603 Dave Ward Drive<br>Conway, AR 72032 | Faulkner Operations, LLC previously operated a nursing home known as Conway Healthcare and Rehabilitation Center |
| OHI Asset (AR) Hot Springs, LLC | 524 Carpenter Dam Road<br>Hot Springs, AR 71901 | Pines Operations, LLC previously operated a nursing home known as The Pines Nursing and Rehabilitation Center |
| OHI Asset (AR) Hot Springs, LLC | 610 Carpenter Dam Road<br>Hot Springs, AR 71901 | Garland Operations, LLC previously operated a nursing home known as Garland Nursing and Rehabilitation Center |
| OHI Asset (AR) Des Arc, LLC | 2216 W. Main St.<br>Des Arc, AR 72040 | Prairie Operations, LLC previously operated a nursing home known as Des Arc Nursing and Rehabilitation Center |
| OHI Asset (AR) Ash Flat, LLC | 66 Ozbirn Lane<br>Ash Flat, AR 72513 | Sharp Operations, LLC previously operated a nursing home known as Ash Flat Healthcare and Rehabilitation Center |
| OHI Asset (AR) Walnut Ridge, LLC | 1500 W. Main St.<br>Walnut Ridge, AR 72476 | Lawrence Operations, LLC previously operated a nursing home known as Walnut Ridge Nursing and Rehabilitation Center |
| OHI Asset (AR) Pocahontas, LLC | 105 Country Club Road<br>Pocahontas, AR 72455 | Randolph Operations, LLC previously operated a nursing home known as Pocahontas Healthcare and Rehabilitation |

| | | Center |
|---|---|---|
| OHI Asset (AR) Sheridan, LLC | 113 S. Briarwood Drive Sheridan, AR 72150 | Grant Operations, LLC previously operated a nursing home known as Sheridan Healthcare and Rehabilitation Center |
| OHI Asset (AR) Malvern, LLC | 105 Russellville Road Malvern, AR 72104 | Malvern Operations, LLC previously operated a nursing home known as Arbor Oaks Healthcare and Rehabilitation Center |

Booth Dec. at ¶ 4.

The Landlord Entities entered into a Master Lease dated August 30, 2013 with MasterTen, LLC, who in turn subleased the properties to Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; and Malvern Operations, LLC, for the respective properties referenced above.  Booth Dec. at ¶ 5.

OHI is not a member or equity holder of Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC, nor does it have direct or indirect ownership interest in any of these entities, or any other named Defendant in this case, other than laid out herein. Booth Dec. at ¶ 6.  Likewise, none of the other named Defendants in this case have any ownership interest in OHI nor do they have any direct or indirect ownership interest in OHI.  Booth Dec. at ¶ 6.  Furthermore, OHI does not directly or indirectly control any other named Defendant in this case, other than laid out herein. Booth Dec. at ¶ 7.

OHI has at no time employed Tina Bethany or any other individual who provides services to Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; Malvern Operations, LLC; or any named Defendant in this case. Booth Dec. at ¶ 8.

OHI has no involvement in the nursing or custodial care provided to any resident at Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC. Booth Dec. at ¶ 9.

OHI does not hire, fire, train, supervise, manage, set salaries for, or otherwise oversee the employees providing nursing or custodial care or providing services of any nature at Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC. Booth Dec. at ¶ 10.

OHI does not schedule employees at Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC, or staff the facilities. Booth Dec. at ¶ 11.

OHI has no involvement in quality control, marketing, human resource management, training, staffing, or creation and implementation of policy and procedure manuals used at Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC. Booth Dec. at ¶ 12. OHI does not share any bank accounts, offices, telephone numbers, or employees with any of the other named Defendants in this case. Booth Dec. at ¶ 14.

OHI's lone connection to Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC, or any of the other named Defendants is solely by and through its indirect ownership of the Landlord Entities that are parties to the lease agreement referenced above. Booth Dec. at ¶ 13.

## II.   ARGUMENT & AUTHORITIES

### A.   Plaintiff's SAC Fails to State a Claim Upon Which Relief Can be Granted Against OHI HPLP or OHI WR.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") challenges the legal sufficiency of the complaint. *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555. Instead, the complaint must contain "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* A "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.*" Id*. at 679.

In her SAC, Bethany merely alleges that OHI HPLP "was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit." SAC, ¶ 20. She further alleges that OHI WR "was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit." SAC, ¶ 60. Under the FLSA and the AMWA, employers are required to pay employees a minimum wage for all hours worked, and must pay overtime compensation for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 206; 29 U.S.C. § 207; Ark. Code Ann. § 11-4-210; Ark Code Ann. § 11-4-211. An employer who violates the FLSA is liable for the unpaid wages, in addition to other potential damages. The existence of an employer-employee relationship is a prerequisite to asserting a claim under the FLSA. *See Childress v. Ozark Delivery of Mo.*, LLC, 95 F. Supp. 3d 1130, 1138 (W.D. Mo. 2015).

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." *See* 29 U.S.C. § 203(d). The AMWA contains a similar definition: "Employer" means "any individual, partnership, association, corporation, business trust, the State of Arkansas, any political subdivision of the state, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." *See* Ark. Code Ann. § 11-4-203(4)(A).

Bethany's use of the term "employer" in her SAC is a legal conclusion. It is not enough to simply label OHI HPLP and OHI WR as her employer without facts to support her contention. *Murphy v. Ajinomoto Windsor, Inc.*, No. 1:15-CV-120-JAR, 2016 WL 1640661, at *6 (E.D. Mo. Apr. 26, 2016) (claims for violation of FLSA and Missouri wage law dismissed where plaintiff's complaint contained "no basis for the Court to find that any named individual Defendant had sufficient control over Plaintiff to qualify him or her as an "employer" under the FLSA's very particular use of that term."); *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961-62 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 804 (2016) (complaint which only contained legal conclusion that appellee was appellant's employer was not adequate to state a claim under the FLSA); *Cotton v. Commodore Express, Inc.*, No. 4-02-CV-00604 GTE, 2007 WL 283135, at *1 (E.D. Ark. Jan. 30, 2007) (determination of whether party was an employer is a legal conclusion).

Bethany has not alleged that OHI HPLP or OHI WR hired her, set her rate of pay, controlled her schedule, or otherwise controlled her activities as a nurse. Her SAC is devoid of any facts to indicate OHI HPLP or OHI WR and Bethany, or any of the putative plaintiffs, enjoyed a relationship of any kind. Because she pleads no facts to support the legal conclusion

that OHI HPLP or OHI WR are her employers, Bethany's SAC does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, OHI HPLP and OHI WR should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

> **B.  Plaintiff Has Not, as a Matter of Law, Stated a Claim against OHI HPLP or OHI WR for Violation of the Federal Labor Standards Act or the Arkansas Minimum Wage Act.**

To the extent Bethany's SAC contains more than mere legal conclusions, it should still be dismissed because OHI HPLP and OHI WR were not Bethany's employer. A motion to dismiss may be treated as a motion for summary judgment where the conversion of the motion facilitates the disposition of the case. *Collins v. Palczewski*, 841 F. Supp. 333 (D.C. Nev. 1993); s*ee also* 5A CHARLES WRIGHT AND ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1990 and Supp. 1996) (and citations therein). On a motion to dismiss, the court has discretion as to whether it will accept material outside the pleadings. *Skyberg v. United Food & Comm. Workers Int'l Union*, 5 F.3d 297, 302 (8th Cir. 1993). When matters outside the pleadings are presented on a motion under Rule 12(b)(6) or 12(c), and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Aetna Life Ins. Co. v. Great Nat'l Corp.*, 818 F.2d 19, 20 (8th Cir. 1987). The party opposing a properly supported motion for summary judgment may not rest upon the allegations in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

In determining whether a defendant is an "employer" as defined in the FLSA, courts look "to factors such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the 'employer'." *See Dole v. Cont'l Cuisine, Inc.*, 751 F. Supp. 799, 802–03 (E.D. Ark. 1990) (citing *Wirtz v. Pure Ice Co.*, 322 F.2d 259 (8th Cir. 1963); *Fruco Const. Co. v. McClelland*, 192 F.2d 241 (8th Cir. 1951)).

As established by the Declaration of Daniel Booth, OHI owns the buildings of some of the nursing home facilities identified in the case caption. At no time has OHI done business as or otherwise held itself out as Southern Administrative Services, LLC; Polk Operations, LLC; Camden Operations, LLC; Faulkner Operations, LLC; Pines Operations, LLC; Garland Operations, LLC; Prairie Operations, LLC; Sharp Operations, LLC; Lawrence Operations, LLC; Randolph Operations, LLC; Grant Operations, LLC; or Malvern Operations, LLC. Booth Dec. at ¶ 3.

OHI has never employed Bethany or any of the individuals she seeks to represent. Booth Dec at ¶ 8. OHI had no control over the hiring and firing of Bethany, did not set her rate of pay, provided no training to Bethany, did not control her schedule, or in any way direct her duties as a nurse. Booth Dec. at ¶¶ 10-12. Nor did OHI have any control over the hiring and firing of any nurse, certified nurse's aides or equivalent positions at any of the facilities listed in the case caption. Booth Dec. at ¶ 10.

It is indisputable that OHI is not an "employer" of Bethany or any of the putative plaintiffs, and as a result OHI HPLP and OHI WR are not her employers. Only an "employer" is liable under the FLSA and AMWA for minimum wage violations. 29 U.S.C. § 207(a)(1); Ark. Code Ann. § 11-4-201. Accordingly, OHI HPLP and OHI WR should be dismissed from this

lawsuit since they are not an "employer" of Bethany or any of the putative plaintiffs under the FLSA or AMWA.

### III. CONCLUSION

Bethany's SAC does not contain factual support for the legal conclusion that OHI HPLP or OHI WR was her employer, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, the indisputable fact is that OHI HPLP and OHI WR were not, and never have been, an employer of Bethany or the class she seeks to represent. Accordingly, OHI HPLP and OHI WR should be dismissed as a matter of law from this action pursuant to Rule 56 of the Federal Rules of Civil Procedure.

          OHI Healthcare Properties Limited Partners and OHI Asset (AR) Walnut Ridge, LLC, Separate Defendants

By: */s/ Amber Prince*
    Amber Prince
    Arkansas Bar No. 2007247
    Kerri E. Kobbeman
    Arkansas Bar No. 2008149
    CONNER & WINTERS, LLP
    4375 North Vantage Drive, Suite 405
    Fayetteville, AR 72703
    (479) 582-5711, phone
    (479) 587-1426, facsimile
    aprince@cwlaw.com
    kkobbeman@cwlaw.com

## **CERTIFICATE OF SERVICE**

    I, Amber Prince, hereby certify that on June 9, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing which will send notification of filing to all counsel of record.

                                            */s/ Amber Prince*
                                            Amber Prince