IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TINA BETHANY, Individually and
on Behalf of Others Similarly Situated                              PLAINTIFF

v.                          No. 3:17-cv-10-DPM

CAREPLUS STAFFING SERVICES LLC;
SUMMIT HEALTH AND REHABILITATION
LLC;  PROGRESSIVE ELDERCARE SERVICES
INC., d/b/a Southern Trace Rehabilitation and
Care Center;  COURTYARD REHABILITATION
AND HEALTH CENTER LLC;  SA ELDERCARE
LLC;  PROGRESSIVE ELDERCARE SERVICES
MORRILTON INC., d/b/a Brookridge Cove
Rehabilitation and Care Center;  JOHN
PONTHIE;  LAWRENCE OPERATIONS LLC,
d/b/a Walnut Ridge Nursing & Rehabilitation
LLC;  OHI HEALTHCARE PROPERTIES
LIMITED PARTNERS;  and OHI ASSET (AR)
WALNUT RIDGE LLC                                                    DEFENDANTS

ORDER

Tina Bethany has sued, individually and on behalf of all others similarly situated, about alleged overtime violations under the Fair Labor Standards Act and Arkansas Minimum Wage Act.  She says all the various defendants were her employers when she worked as a nurse for them.  Most of the defendants have moved to compel arbitration;  two have moved to dismiss.

The motion to compel arbitration is granted. The parties* agreed to arbitrate "any claim, controversy, or dispute arising out of or related to [her] employment," № 20-1 at 1, including disputes about compensation and those arising under the FLSA and similar state statutes. № 20-1 at 2. It's clear Bethany's lawsuit about overtime touches matters covered by the arbitration provision. *Leonard v. Delaware North Companies Sport Service, Inc.*, 2017 WL 2743092, at *2 (8th Cir. 27 June 2017). And binding precedent approves Bethany's specific waiver of her right to bring a class or collective action in any forum, № 20-1 at 3–4. *Cellular Sales of Missouri, LLC v. National Labor Relations Board*, 824 F.3d 772, 775–76 (8th Cir. 2016); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1054–55 (8th Cir. 2013). The Supreme Court may soon resolve a similar issue. *National Labor Relations Board v. Murphy Oil USA, Inc.*, 137 S. Ct. 809 (2017). For now, the law in the Eighth Circuit requires that Bethany's case be arbitrated.

The OHI defendants' motion to dismiss is denied without prejudice. They say Bethany's claims against them fail under Rule 12(b)(6), and that they

---

*The agreement broadly covers Lawrence Operations and "any of its affiliates, subsidiaries, parent companies, owners, operators, controlling entities or persons, members, consultants or locations . . .[.]" № 20-1 at 1.

aren't Bethany's employers as a matter of fact. But construing the arbitration agreement liberally, *Leonard*, 2017 WL 2743092 at *2, any claim Bethany may have against the OHI defendants must be arbitrated too, not litigated here.

* * *

Motion, № 20, granted. Motion and amended motion, № 28 & 30, denied without prejudice. This case is referred to arbitration, stayed, and administratively terminated. Any party may move to reopen, if need be, when arbitration concludes. Joint status report due by 8 December 2017, and every six months thereafter until arbitration is concluded.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

  12 July 2017